**Monica POE and Woodrow Poe, Plaintiffs-Appellants,**

v.

**Ronald EMGE, Defendant-Appellee.**

**No. 17417.**

United States Court of Appeals
Sixth Circuit.
July 27, 1967.

**12**

James G. Osborne, Covington, Ky., John J. O'Hara, O'Hara & Ruberg, Covington, Ky., Lawrence D. Wichmann, Covington, Ky., on the brief), for appellants.

Leo J. Breslin, of Lindhorst & Dreidame, Cincinnati, Ohio, for appellee.

Before EDWARDS, CELEBREZZE and PECK, Circuit Judges.

PER CURIAM.

This case was tried in the District Court for the Eastern District of Kentucky, after removal thereto on grounds of diversity of citizenship.

Plaintiffs-appellants sued defendant-appellee Emge for injuries which Monica Poe had received while driving her husband's automobile westward toward the airport on Donaldson Highway in Kenton County, Kentucky. At the point where she was traveling on this highway, it was a four-lane highway, with a divider in the middle. She started to make a left-hand turn and was struck on the left side of her car by a car driven by Ronald Emge, which had previously been traveling in the same direction.

Emge filed a counterclaim stating his damages and asserting that Mrs. Poe's negligence in turning left from the right-hand lane without a signal was the proximate cause of the accident. At trial the jury found for Emge and awarded him $25,000 for his injuries.

The material appellate issues are appellants' claims that the trial judge erred in his instruction on damages, and that the $25,000 judgment is grossly excessive.

On the excessiveness question, Judge Swinford summarized the evidence which led him to reject the same argument:

"THE COURT: He has a very severe, a very harmful and a lasting and permanent damage and a matter which will seriously affect his earning power. The shock to me was not that the damage was $25,000, but that it wasn't $35,000 or $40,000. This young man has an injury to his forehead. It is just not a slight cut or scar that will heal with time or will grow less with time, but it is a slickening of the skin, it is a scar tissue across his whole forehead, that affects his sweat glands, that affects the movement of his skin when he raises his eyes, it comes down into his eyebrow, and as one doctor testified, this boy very candidly and very honorably, I thought, made no complaint, but he thought he was going to

lose the sight of that eye because this injury had gouged out his eyebrow. This boy will have a heartache as long as he lives. He is a young boy, just 23 years old, isn't he?

"MR. BRESLIN: Yes, sir.

"THE COURT: He will have a heartache as long as he lives and every day of his life and when he goes to get a job, he will be in competition with people that do not have that hideous and ugly scar across their foreheads. Good jobs are hard to obtain even in good times. Competition is tough. * * * "

 The evidence pertaining to damages to the prevailing party appears to us to sustain the jury verdict. Certainly the award does not strike this court "as having been rendered as the result of passion or prejudice." Lobred v. Mann, 395 S.W.2d 778, 781 (Ky. 1965).

Appellants' claim of error in instructions is that Judge Swinford's charge allowed for damage for disfigurement, whereas Kentucky law allows recovery only for physical and mental pain and suffering, out-of-pocket expenses for loss of wages, medical expenses, and permanent injury measured by impairment of earnings.

The specific language now objected to we read somewhat differently:

"You will also find for him the nature and extent of the permanent injuries, if you believe that he is permanently injured. That does not mean that he has disability in the ordinary sense, like a person might lose a part of a limb or something of that kind, but he has a right to recover for his scars on his forehead, if you believe that they are permanent *and you believe that that is damaging to him in the future*, you have a right to award him damages and take that into consideration in awarding him damages; also the reasonable value *of any loss of wages* incurred, or *reasonably certain to be incurred by Ronald Emge as a result of the accident in this case*." (Emphasis added.)

It appears to this court that the underlined phrases, when read in the context of the whole charge, told the jury in general terms that Kentucky law allows recovery for permanent injury as measured by loss of earnings in the future. A. L. Dodd Trucking Service v. Ramey, 302 Ky. 116, 194 S.W.2d 84, 87 (1946).

Moreover, we decline to reverse on this issue for another reason. Rule 51, Federal Rules of Civil Procedure, provides for the submission of written requests for instructions. Appellants' attorney failed to submit any such request on this issue. And although he objected generally to the charge, when asked by the Judge to be specific, he did not challenge this specific portion of the charge. The rule provides:

"No party may assign as error the giving or the failure to give an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection." Rule 51 Fed.R.Civ.P.

As to other issues, we find no abuse of discretion of the District Judge in admitting evidence or in relation to pretrial discovery proceedings.

Affirmed.